**IN THE CIRCUIT COURT OF ST. FRANCOIS COUNTY
STATE OF MISSOURI**

| | |
|---|---|
| TIMOTHY J. EDGAR,<br>1122 East Main Street<br>Park Hill, MO 63601<br><br>Plaintiff,<br><br>v.<br><br>DAVOL INC., a Delaware corporation,<br><br>Serve: Registered Agent<br>CT Corporation System<br>10 Weybosset Street<br>Providence, RI 02903<br><br>Defendant. | Case No. 06SF-CC00990<br><br>PERSONAL INJURY/<br>PRODUCT LIABILITY<br><br>JURY TRIAL DEMANDED |

**PETITION FOR DAMAGES
(PRODUCT LIABILITY)**

COMES NOW plaintiff Timothy J. Edgar by and through his attorney, and for his petition for damages against defendant Davol Inc. states:

1. Plaintiff Timothy J. Edgar (hereinafter "Timothy") is now and was at all times herein mentioned herein a citizen and resident of the State of Missouri.

2. At all times herein mentioned, defendant Davol Inc. (hereinafter "Davol") is and was a wholly owned subsidiary of C. R. Bard, Inc. Further, at all times herein mentioned, Davol is and was a foreign corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business for manufacturing hernia surgical repair products in Cranston, Rhode Island.

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

3. Davol designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied and sold to distributors, physicians, hospitals and medical practitioners, certain hernia surgical repair products to be surgically implanted in patients throughout the United States, including the State of Missouri.

**VENUE**

4. This Court has jurisdiction over this tort action which accrued within St. Francois County, Missouri.

**GENERAL ALLEGATIONS**

5. On some date prior to June 11, 2004, Davol manufactured, distributed and/or sold a Bard Composix Kugel hernia surgical repair product (hereinafter "Kugel") to Mineral Area Regional Medical Center to be implanted into the abdomen of a hospital patient undergoing surgery at the medical center.

6. On or about June 11, 2004, Timothy underwent a hernia repair surgical procedure at Mineral Area Regional Medical Center in the County of St. Francois, Missouri and, during the course thereof, Timothy's physician implanted the aforedescribed Kugel hernia surgical repair product into his abdomen.

7. The Kugel hernia surgical repair product implanted in Timothy on or about June 11, 2004 was designed, manufactured, sold and distributed by Davol to be used by surgeons for hernia repair surgeries and was further represented by Davol to be an appropriate and suitable product for such purpose.

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

8. On some date prior to January 20, 2005, Davol manufactured, distributed and/or sold a Bard Composix Kugel hernia surgical repair product (hereinafter "Kugel") to Mineral Area Regional Medical Center to be implanted into the abdomen of a hospital patient.

9. On or about January 20, 2005, Timothy underwent a second hernia repair surgical procedure at Mineral Area Regional Medical Center in the County of St. Francois, Missouri and, during the course thereof, Timothy's physician removed fragments of the first Kugel hernia surgical repair product which had been implanted on or about June 11, 2004, and which had failed to performed as intended, and implanted the second Kugel hernia surgical repair product into his abdomen.

10. Both of the Kugel hernia surgical repair products in Timothy's abdomen failed by reason of their defective design and/or manufacture.

11. On or about May 16, 2006, Timothy, under emergent conditions, underwent a surgical procedure at University of Missouri Columbia Hospital in Columbia, Missouri and, during the course thereof, Timothy's physician removed both previously implanted Kugel hernia surgical repair products.

12. Because of their high failure and complication rate, Davol withdrew the Kugel hernia surgical repair products from the market.

13. As a direct and proximate result of Davol's defective design, manufacture, function and/or inadequate warnings regarding the Kugel hernia surgical repair products, Timothy sustained injuries and damages as more fully set forth below.

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

**COUNT I**

**(Strict Product Liability)**

COMES NOW plaintiff Timothy J. Edgar and for Count I of his cause of action against defendant Davol states:

14. Timothy realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13 as though fully set forth herein.

15. Davol designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel hernia surgical repair products in its ordinary course of business.

16. The Kugel hernia surgical repair products were defective in that during their normal use they failed to perform adequately while in Timothy's body and, because of the serious complications caused, subsequently required surgical removal.

17. At all times mentioned herein, the Kugel hernia surgical repair products were in substantially the same condition as when they left the possession of Davol.

18. The Kugel hernia surgical repair products were being used in a manner reasonably anticipated at the time they were implanted in Timothy by plaintiff's surgeon.

19. The Kugel hernia surgical repair products, at the time they left the possession of Davol, were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury in the following respects:

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

(a) the memory recoil ring of the Kugel hernia surgical repair products ruptured after being implanted;

(b) the Kugel hernia surgical repair products were not properly manufactured;

(c) the Kugel hernia surgical repair products were defectively designed;

(d) the Kugel hernia surgical repair products did not perform as safely as an ordinary consumer/patient would expect;

(e) the Kugel hernia surgical repair products were inadequate or insufficient to maintain their integrity during normal use after implantation in the consumer/patient; and

(f) such further and additional defects as discovery and the evidence reveal.

20. As a direct and proximate result of the defective and unreasonably dangerous condition of the Kugel hernia surgical repair products, Timothy was caused to sustain severe, permanent and debilitating bodily injuries, to wit:

(a) he has been caused to suffer ruptures of the Kugel hernia surgical repair products in his abdomen;

(b) he has been caused to suffer permanent disabling pain and tenderness at the implant sites;

(c) he has been caused to undergo periodic tests and medical treatment since the Kugel hernia surgical repair products were implanted and ultimately removed;

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

(d) he has been caused to undergo extensive surgery to remove the Davol's defective Kugel hernia surgical repair products;

(e) because of his current health condition, Timothy will be caused to suffer an increased risk of infection and other adverse consequences;

(f) he has been caused to suffer muscle, tissue and nerve damage and a much greater likelihood of future physical changes due to the need for additional surgeries;

(g) he has sustained disfiguring and painful scaring;

(h) he has been caused to suffer a decrease in the functional capacity of his lower abdomen;

(i) he has in the past and will be in the future caused to suffer mental and emotional anguish and frustration because of the constant pain and discomfort; and

(j) his ability to work, labor and enjoy the ordinary and usual pleasures of life has been in the past and will be in the future diminished.

21. As a direct and proximate result of his injuries, Timothy has been required to undergo extensive medical, hospital, surgical, therapeutic and rehabilitative care and treatment, and will require further surgical care, treatment and therapy in the future.

22. As a direct result of his injuries, Timothy has lost income and has sustained a permanent impairment of his earning capacity.

FILED

AUG 2 1 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

23. Davol knew or reasonably should have known that significant bodily injury was substantially likely to occur as a result of the defective and unreasonably dangerous design and manufacture of the Kugel hernia surgical repair products as described above.

24. The conduct of Davol as described above, and in continuing to market, promote, sell and distribute the Kugel hernia surgical repair products after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such sum which will serve to punish Davol and to deter defendant and others from like conduct.

WHEREFORE, for Count I of his cause of action, plaintiff Timothy J. Edgar respectfully requests judgment in his favor and against defendant Davol Inc., for such amount that is determined to be fair and reasonable, for additional damages in the sum of greater than One Million Dollars ($1,000,000.00) for aggravating circumstances, for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

**COUNT II**

**(Product Liability - Failure to Warn)**

COMES NOW plaintiff Timothy J. Edgar, and for Count II of his cause of action against defendant Davol states:

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

25. Timothy realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13, 20, 21 and 22 as though fully set forth herein.

26. In the course of Davol's business, said defendant designed, manufactured, distributed and/or sold the Kugel hernia surgical repair products to Mineral Area Regional Medical Center for hernia repair surgeries, and specifically the surgeries of Timothy.

27. At the time of the design, manufacture, distribution and sale of the Kugel hernia surgical repair products, and at the time plaintiff Timothy received the Kugel hernia surgical repair products, they were defective and unreasonably dangerous when put to their reasonably anticipated use in that they were not properly designed and/or were not accompanied by proper warnings regarding significant adverse consequences associated with integrity of the Kugel hernia surgical repair products, and given the severity of the adverse effects, the warnings given did not accurately reflect the symptoms and severity of the adverse effects.

28. Davol failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved substantial dangers not readily recognizable by the ordinary user of the products. Davol failed to warn of the known or knowable likelihood of the injuries, including but not limited to the likelihood that the hernia surgical repair products could rupture and/or cause severe infection within the patient's body, requiring subsequent surgical procedures and/or causing serious injuries.

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

29. The dangerous and defective conditions in the Kugel hernia surgical repair products existed at the time they were delivered by the manufacturer to their distributor and also existed at the times the Kugel hernia surgical repair products were implanted into Timothy's abdomen. At the time of the hernia repair procedures, the Kugel hernia surgical repair products were in substantially the same condition as when manufactured, distributed and sold.

30. Timothy did not know, nor had reason to know, at the time of the use of the aforesaid products, or at any time prior thereto, of the existence of their defects.

31. As a direct and proximate result of the aforesaid, Timothy has suffered the aforesaid injuries and damages.

32. The conduct of Davol as described above, and in continuing to market, promote, sell and distribute the Kugel hernia surgical repair products after obtaining knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such sum which will serve to punish Davol and to deter defendant and others from like conduct.

WHEREFORE, for Count II of his cause of action, plaintiff Timothy J. Edgar respectfully requests judgment in his favor and against defendant Davol Inc., for such amount that is determined to be fair and reasonable, for additional damages in the sum of greater than One Million Dollars ($1,000,000.00) for aggravatin

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

circumstances, for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

**COUNT III**

**(Product Liability - Negligence)**

COMES NOW plaintiff Timothy J. Edgar and for Count III of his cause of action against defendant Davol Inc. states as follows:

33. Timothy realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13, 20, 21 and 22 as though fully set forth herein.

34. At all times herein mentioned, Davol had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use and sell the aforesaid products.

35. At all times herein mentioned, Davol knew, or in the exercise of reasonable care should have known, that the aforesaid products were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with proper warnings, and were unreasonably likely to injure the products' users.

36. Davol so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the

FILED
AUG 21 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

aforesaid products, that they were dangerous and unsafe for the use and purpose for which they were intended.

37. Davol was aware of the probable consequences of the aforesaid products. Despite the fact that Davol knew or should have known that the Kugel hernia surgical repair products would cause serious injuries, it failed to disclose the known or knowable risks associated with the products as set forth above. Davol willfully and deliberately failed to avoid those consequences, and in doing so, defendant acted with a conscious disregard of the safety of Timothy.

38. As a direct and proximate result of the aforesaid, Timothy has suffered the aforesaid injuries and damages.

39. The conduct of Davol as described above, and in continuing to market, promote, sell and distribute the Kugel hernia surgical repair products after obtaining knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such sum which will serve to punish Davol and to deter defendant and others from like conduct.

WHEREFORE, for Count III of his cause of action, plaintiff Timothy J. Edgar respectfully requests judgment in his favor and against defendant Davol Inc., for such amount that is determined to be fair and reasonable, for additional damages in the sum of greater than One Million Dollars ($1,000,000.00) for aggravating circumstances, for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

FILED

AUG 2 1 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

**COUNT IV**

**(Breach of Implied Warranty)**

COMES NOW plaintiff Timothy J. Edgar, and for Count IV of his cause of action against defendant Davol Inc. states as follows:

40. Timothy realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13, 20, 21 and 22 as though fully set forth herein.

41. Davol sold the Kugel hernia surgical repair products which were implanted into Timothy's abdomen, and prior to their implantation, Davol impliedly warranted to Timothy, and to his physicians and health care providers, that the products were of merchantable quality and safe for the use for which they were intended.

42. At the time of the sale of the Kugel hernia surgical repair products, Davol knew or should have known that they were intended to be used for the purpose of surgically inserting them into the body to repair hernias.

43. Timothy and his health care providers reasonably relied on Davol's judgment, statements and indications that the Kugel hernia surgical repair products were fit for such use.

44. When the Kugel hernia surgical repair products were distributed and sold by Davol, they were unsafe for their intended use, and not of merchantable quality, as warranted by Davol in that they had very dangerous propensities when put to their intended use and implanted into the patient's body and would cause serious injuries to the user.

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

45. As a direct and proximate result of the aforesaid, Timothy has suffered the aforesaid injuries and damages.

WHEREFORE, for Count IV of his cause of action, plaintiff Timothy J. Edgar respectfully requests judgment in his favor and against defendant Davol Inc., for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

**COUNT V**

**(Breach of Express Warranty)**

COMES NOW plaintiff Timothy J. Edgar and for Count V of his cause of action against defendant Davol Inc., states:

46. Timothy realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13, 20, 21 and 22 as though fully set forth herein.

47. The aforementioned manufacturing, design, compounding, packaging, designing, distributing, testing, constructing, fabricating, analyzing, recommending, merchandising, advertising, promoting, supplying and selling of the aforesaid products were expressly warranted to be safe for use by Timothy and other members of the general public.

48. At the time of the making of the express warranties, Davol had knowledge of the purpose for which the aforesaid products were to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such

FILED
AUG 21 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

purpose. The aforesaid products were unaccompanied by warnings of their dangerous propensities that were either known or knowable at the time of distribution.

49. Timothy reasonably relied upon the skill and judgment of Davol, and upon said express warranty, in using the aforesaid products. The warranty and representations were untrue in that the products caused severe injuries to Timothy and were unsafe and, therefore, unsuited for the use for which they were intended.

50. As a direct and proximate result of the aforesaid, Timothy has suffered the aforesaid injuries and damages.

WHEREFORE, for Count V of his cause of action, plaintiff Timothy J. Edgar respectfully requests judgment in his favor and against defendant Davol Inc., for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

GRAY, RITTER & GRAHAM, P.C.

By: ______________________

Maurice B. Graham, #18029
Attorney for Plaintiff
701 Market Street, Suite 800
St. Louis, Missouri 63101
(314) 241-5620
Fax: (314) 241-4140
mgraham@grgpc.com

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO