Clerk of the Circuit Court of St. Francois County

1 N. Washington 3rd Flr
Farmington, MO 63640
Tel: 573/756-4551
FAX: 573/756-3733

## CERTIFICATE OF LEGAL FILE

Clerk of the Circuit Court of St. Francois County, Missouri, hereby certify the foregoing to be a true copy of certain of the pleadings and other papers as indexed in this legal file, in case No. 06SF-CC00990 entitled TIMOTHY J EDGAR v DAVOL INC, A DELAWARE CORP as the same appears of record and on file in my said office.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of my said office this 4th day of October 2006.

Clerk of the Circuit Court
St. Francois County

(Seal)

By: ______________________
Deputy Clerk

Report: CZR0026

**24TH JUDICIAL CIRCUIT**
**ST. FRANCOIS**
**CIRCUIT COURT DOCKET SHEET**

Date: 28-Sep-2006
Time: 9:35:08AM
Page: 1

**06SF-CC00990** **TIMOTHY J EDGAR V DAVOL INC, A DELAWARE CORP** **Security Level: 1 Public**

| | | | |
|---|---|---|---|
| **Case Type:** | CC Pers Injury-Prod Liab | **Case Filing Date:** | 21-Aug-2006 |
| **Status:** | Pet Filed in Circuit Ct | | |
| **Disposition:** | | **Disposition Date:** | |

| | | Release/Status Change Date | Reason |
|---|---|---|---|
| Plaintiff | **TIMOTHY JAY EDGAR (EDGTJ9972)** | | |
| Attorney for Plaintiff | MAURICE B GRAHAM(18029) | | |
| Defendant | **DAVOL INC, A DELAWARE CORP (DAVOL INC)** | | |
| Reg. Agent for Serv of Process | CT CORPORATION SYSTEM(CT CORP) | | |

| Filing Date | Description |
|---|---|
| 21-Aug-2006 | **Pet Filed in Circuit Ct**<br>PETITION FOR DAMAGES (PRODUCT LIABILITY). MB<br>**Filed By:** MAURICE B GRAHAM |
| | **Interrogatories Filed**<br>PLAINTIFF'S FIRST INTERROGATORIES DIRECTED TO DEFENDANT DAVOL, INC. MB<br>**Filed By:** MAURICE B GRAHAM |
| | **Request Filed**<br>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTDAVOL, INC. MB<br>**Filed By:** MAURICE B GRAHAM |
| 23-Aug-2006 | **Judge/Clerk - Note**<br>A Payment of -$150.00 was made on receipt 24SF32907. |
| | **Summons Issued-Circuit**<br>Document ID: 06-SMOS-68, for CT CORPORATION SYSTEM;<br>**Service/Attempt Date:** 06-Sep-2006 |
| 27-Sep-2006 | **Summons Personally Served**<br>Document ID - 06-SMOS-68; Served To - CT CORPORATION SYSTEM; Server - ; Served Date - 06-SEP-06; Served Time - 11:15:00; Service Type - Sheriff Department; Reason Description - Served |

Case 1:07-cv-01819-MHS-LTW Document 1-2 Filed 07/12/2007 Page 3 of 36

# IN THE 24TH JUDICIAL CIRCUIT COURT OF ST. FRANCOIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: | Case Number: 06SF-CC00990 |
| Plaintiff/Petitioner:<br>TIMOTHY JAY EDGAR<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MAURICE B GRAHAM<br>GRAY RITTER & GRAHAM PC<br>701 MARKET ST STE 800<br>ST LOUIS, MO 63101-1826 |
| Defendant/Respondent:<br>DAVOL INC, A DELAWARE CORP | Court Address:<br>ST FRANCOIS COUNTY COURTHOUSE<br>1 N WASHINGTON<br>FARMINGTON, MO 63640 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |

ORIGINAL RETURN

FILED
SEP 27 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO
(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to: CT CORPORATION SYSTEM**
**Alias:**

**10 WEYBOSSET STREET**
**PROVIDENCE, RI 02903**

*COURT SEAL OF*
CIRCUIT COURT OF MISSOURI
*ST. FRANCOIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

8-23-06 — Date
Melinda B. — Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is DEPUTY SHERIFF ALAN VERDECCHIA of PROVIDENCE County, RI (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______, a person of the Defendant's/Respondent's family over the age of 15 years.
   - ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to JO ANNE CASALE (name) CT REP (title).
   - ☐ other (describe) ______

Served at 10 WEYBOSSET ST (address)
in PROVIDENCE County, RI (state), on 9-6-06 (date) at 11:15 AM. (time).

ALAN P. VERDECCHIA — Printed Name of Sheriff or Server
Alan P. Verdecchia — Signature of Sheriff or Server

**Subscribed and Sworn To** me before this ______ (day) ______ (month) ______ (year)
I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

______ Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $______ |
| Non Est | $______ |
| Mileage | $______ ( ______ miles @ $ ______ per mile) |
| **Total** | $______ |

**See the following page for directions to clerk and to officer making return on service of summons.**

VHL $60

16297 9/9-2

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Case 4:06-cv-01849-MLM Document 1-2 Filed 10/06/2006 Page 5 of 36

**IN THE CIRCUIT COURT OF ST. FRANCOIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| TIMOTHY J. EDGAR,<br>Plaintiff,<br>v.<br>DAVOL, INC.,<br>Defendant. | Cause No. 06SF-CC00990 |

**MEMORANDUM**

COMES NOW Plaintiff, Timothy J. Edgar, and files the Return of Service of Summons on CT Corporation System on behalf of the Defendant, Davol, Inc.

GRAY, RITTER & GRAHAM, P.C.

By: ______________________________

Maurice B. Graham, #18029
Attorney for Plaintiff
701 Market Street, Suite 800
St. Louis, Missouri 63101
(314) 241-5620
Fax: (314) 241-4140
mgraham@grgpc.com

FILED
SEP 27 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

GATEWAY ONE • ON THE MALL
701 MARKET, SUITE 800
ST. LOUIS, MISSOURI 63101-1826
Facsimile: 314-241-4140
Toll Free: 800-451-2950
Phone: 314-241-5620
www.grayrittergraham.com

cmertz@grgpc.com

GRAY, RITTER & GRAHAM, P.C.
*Attorneys at Law*
*1946–2006*

ROBERT F. RITTER
MAURICE B. GRAHAM
STEPHEN R. WOODLEY
PATRICK J. HAGERTY
DON M. DOWNING
JOAN M. LOCKWOOD
MORRY S. COLE
M. GRAHAM DOBBS
THOMAS K. NEILL
ERICA L. AIRSMAN

KEVIN S. HANNON
OF COUNSEL

CHARLES E. GRAY
RETIRED

August 24, 2006

St. Francois County Circuit Clerk
3rd Floor Courthouse
One N. Washington Street
Farmington, MO 63640

Re: *Timothy J. Edgar v. Davol Inc.*

Dear Sir or Madam:

Enclosed is a check from our firm in the sum of $60.00 representing payment for the service fees on the above-referenced defendant.

If you have any questions, please call.

Very truly yours,

Christina L. Mertz
Paralegal

EDGTJ9972
06SF-CC00990
~~Rec. # 24SF33026~~
18029
Rec# 24SF33028

Enclosure

CLM/clm

**FILED**

AUG 28 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

605826 / 061052

Case 4:06-cv-01814-TIA Document 1-2 Filed 12/20/2006 Page 7 of 36

# RECEIPT

24th Judicial Circuit

Receipt Number: 24SF33028
Date: 28-AUG-2006
Cashier: EDGARMEJ

Payor: MAURICE B GRAHAM
ID: 18029
Address: GRAY RITTER & GRAHAM PC
701 MARKET ST STE 800
ST LOUIS, MO 63101

Court: 24th Judicial Circuit
Case Type: CC Pers Injury-Prod Liab
Location: St. Francois
Case Judge:

First Charge on Case:

| Violation/Docket | Description | Amount |
|---|---|---|
| Case: 06SF-CC00990 - TIMOTHY J EDGAR V DAVOL INC, A DELAWARE CORP | | |
| Party: | | |
| | Open Items In | 60.00 |
| | Check #20290 | -60.00 |

| | |
|---|---|
| Total Fees: | 60.00 |
| Total Payment: | 60.00 |
| Balance Due: | 0.00 |

Next Scheduled Event:
Judge for Event:
Location of Event:

Receipt Text:

NOTE: Case information shown on receipt is current as of the date printed.

# IN THE 24TH JUDICIAL CIRCUIT COURT OF ST. FRANCOIS COUNTY, MISSOURI

| Judge or Division: | Case Number: 06SF-CC00990 | |
|---|---|---|
| Plaintiff/Petitioner:<br>TIMOTHY JAY EDGAR<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MAURICE B GRAHAM<br>GRAY RITTER & GRAHAM PC<br>701 MARKET ST STE 800<br>ST LOUIS, MO 63101-1826 | |
| Defendant/Respondent:<br>DAVOL INC, A DELAWARE CORP | Court Address:<br>ST FRANCOIS COUNTY COURTHOUSE<br>1 N WASHINGTON<br>FARMINGTON, MO 63640 | |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:** **CT CORPORATION SYSTEM**
**Alias:**

**10 WEYBOSSET STREET**
**PROVIDENCE, RI 02903**

*COURT SEAL OF*
*ST. FRANCOIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

3/23/06 — Date

Melinda B — Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ______ of ______ County, ______ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______, a person of the Defendant's/Respondent's family over the age of 15 years.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ______ (name) ______ (title).
   - ☐ other (describe) ______.

Served at ______ (address)
in ______ County, ______ (state), on ______ (date) at ______ (time).

______ Printed Name of Sheriff or Server

______ Signature of Sheriff or Server

**Subscribed and Sworn To** me before this ______ (day) ______ (month) ______ (year)

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

______ Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $______ |
| Non Est | $______ |
| Mileage | $______ (______ miles @ $ ______ per mile) |
| **Total** | $______ |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

IN THE CIRCUIT COURT OF ST. FRANCOIS COUNTY
STATE OF MISSOURI

TIMOTHY J. EDGAR,

Plaintiff,

v.

DAVOL, INC.,

Defendant.

Cause No. 06SF-CC00990

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT DAVOL INC.**
**(Served with Petition)**

COMES NOW plaintiff Timothy J. Edgar at the time of filing suit and pursuant to Missouri Rules of Civil Procedure propound the following Request for Production of Documents to Davol Inc. at the time of filing this petition to be answered within the time period permitted by law.

**DEFINITIONS**

1. "Concerning" means relating to, referring to, describing, evidencing, or constituting. Requests for documents concerning any subject matter include documents concerning communications regarding that subject matter.

2. "Refer" or "relate" or "referring" or "relating" means all documents which comprise, explicitly or implicitly refer to, were reviewing in conjunction with or were created, generated or maintained as a result of the subject matter of the request, including, without limitation, all documents which reflect, record, memorialize,

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

embody, discuss, evaluate, consider, review or report on the subject matter of the request.

3. "Document" means any document whether fixed in tangible medium or electronically stored. The word "document" shall include, by way of example and not by way of limitation, all of the following: papers, correspondence, trade letters, envelopes, memoranda, telegrams, cables, notes, messages, reports, studies, press releases, comparisons, books, accounts, checks, audio and video recordings and transcriptions thereof, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, desk calendars, pocket calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of meetings, corporate minutes, orders, resolutions, agendas, memorials or notes of oral communications, whether by telephone or face-to-face, contracts, agreements, drafts of or proposed contracts or agreements, memoranda of understanding, letters of intent, computer tapes, computer drives or memories, computer diskettes or disks, electronic-mail ("e-mail"), CD Roms, or any other tangible thing on which any handwriting, typing, printing, photostatic, electronic or other form of communication or information is recorded or reproduced together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions or drafts thereof, whether used or not.

4. The term "or" shall be construed as disjunctive and conjunctive, and "any" and "all" as used herein shall include "each" and "every."

5. "Person" or "Persons" means any natural person or any business, legal or governmental entity or association.

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

6. "Policy" means any rule, procedure, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was to be promulgated, recognized and/or followed, explicitly or implicitly.

## INSTRUCTIONS

1. In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, partners, members, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2. If any requested document is not or cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document is being withheld.

3. In producing documents, you are requested to produce each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in this Request.

5. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If, for any reason,

FILED

AUG 21 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

the container cannot be produced, produce copies of all labels or other identifying marks.

6. Documents attached to each other should not be separated.

7. Documents not otherwise responsive to this Request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

8. If you claim the attorney-client privilege, or any other privilege or work-product protection for all or any portion of any document, that portion of the document need not be produced, but you shall provide the following information with respect to each such document:

(a) date;

(b) author(s) of the document and each and every other person who prepared or participated in the preparation of the document;

(c) a description of its subject matter;

(d) all addresses or recipients of the original or a copy thereof, together with the date or approximate date on which said recipients received said documents;

(e) all other persons to whom the contents of the document have been disclosed, the date such disclosure took place, the means of such disclosure, the present location of the document and all copies thereof;

(f) each and every person having custody or control of the document and all copies thereof;

FILED
AUG 21 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

(g) the purpose or purposes of the document's creation and any distribution; and

(h) the nature of the privilege or other rule of law relied upon and any facts supporting your position.

9. Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

## Documents to be Produced

1. All documents prepared, produced or made by or on behalf of Davol in the regular course of its business concerning an observed or reported high failure rate or complication rate of the Bard Composix Kugel hernia surgical repair products.

RESPONSE:

2. All documents furnished, sent or delivered by defendant Davol Inc. to plaintiff and any other surgical patients or their surgeons advising or notifying plaintiff, other patients or their surgeons that defendant Davol Inc. was considering or contemplating a voluntary recall of the Bard Composix Kugel hernia surgical repair products, or had in fact recalled the products.

RESPONSE:

FILED

AUG 2 1 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

3. A true and complete copy of any insurance policy and declaration page that would satisfy part or all of any judgment that may be entered against this defendant in this action.

RESPONSE:

GRAY, RITTER & GRAHAM, P.C.

By: ____________________

Maurice B. Graham, #18029
Attorney for Plaintiff
701 Market Street, Suite 800
St. Louis, Missouri 63101
(314) 241-5620
Fax: (314) 241-4140
mgraham@grgpc.com

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

**IN THE CIRCUIT COURT OF ST. FRANCOIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| TIMOTHY J. EDGAR,<br><br>Plaintiff,<br><br>v.<br><br>DAVOL, INC.,<br><br>Defendant. | Cause No. 06SF-CC00990 |

**PLAINTIFF'S FIRST INTERROGATORIES DIRECTED TO DEFENDANT DAVOL, INC.**
**(Served with Petition)**

COMES NOW plaintiff Timothy J. Edgar, through his attorneys, and at the time of filing suit and pursuant to Missouri Rules of Civil Procedure propounds the following interrogatories to Davol Inc. at the time of filing this petition to be answered within the time period permitted by law.

**DEFINITION**

Whenever in these Interrogatories you are requested to "identify" some person, corporation, or other organizations, please provide name, address, and telephone number.

1. Please state the name, address and title of each person furnishing information to answer these interrogatories.

**ANSWER:**

FILED
AUG 21 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

594985 / 061052

2. State whether or not this defendant is being sued in its full and correct name. If not, state the full and correct name of this defendant.

**ANSWER:**

3. State whether or not defendant has in existence an insurance policy, or policies, or agreements which is or may be available to satisfy part of or all of any judgment that may be entered in this matter against this defendant or in any way to indemnify or reimburse it for any payments made to satisfy any such judgment, please state:

(a) the amount of the total liability limits, including any umbrella or excess coverage that may be available to satisfy or indemnify for any judgment rendered herein.

(b) Pursuant to Missouri Rules of Civil Procedure, defendant is asked to furnish a copy of the policy and declaration page of all such policies that provide coverage or indemnification on the claim made against defendant in the petition filed herein.

**ANSWER:**

FILED

AUG 2 1 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

4. Identify each person by name, address, occupation, place of employment and qualifications to give an expert opinion, who the defendant expects to call as an expert witness with respect to any aspect of this suit and state the general nature of the subject matter on which the expert is expected to testify, and the expert's hourly deposition fee. [The expert's curriculum vitae may be attached to the interrogatory answers in lieu of stating the qualifications of the expert to give an opinion if such information is available on the expert's curriculum vitae.]

**ANSWER:**

5. State the name, address and job title of the person who is an officer, agent or employee of defendant Davol Inc. who would be the most knowledgeable person(s) to depose to obtain information concerning the recall of the Bard Composix Kugel hernia surgical repair products that are the subject of this lawsuit.

**ANSWER:**

FILED

AUG 2 1 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

6. Identify by name, make, model, serial number or other manufacturing identification of the Bard Composix Kugel hernia surgical repair products that have been recalled by this defendant, including the date of recall.

**ANSWER**:

7. State the date the Bard Composix Kugel hernia surgical repair products that are the subject of this lawsuit were recalled by this defendant.

**ANSWER**:

8. State each and every reason the Bard Composix Kugel hernia surgical repair products that are the subject of this lawsuit were recalled by this defendant.

**ANSWER**:

FILED

AUG 2 1 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

GRAY, RITTER & GRAHAM, P.C.

By: ______________________________

Maurice B. Graham, #18029
Attorney for Plaintiff
701 Market Street, Suite 800
St. Louis, Missouri 63101
(314) 241-5620
Fax: (314) 241-4140
mgraham@grgpc.com

FILED

AUG 2 1 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

**IN THE CIRCUIT COURT OF ST. FRANCOIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| TIMOTHY J. EDGAR,<br>1122 East Main Street<br>Park Hill, MO 63601<br><br>Plaintiff,<br><br>v.<br><br>DAVOL INC., a Delaware corporation,<br><br>Serve: Registered Agent<br>CT Corporation System<br>10 Weybosset Street<br>Providence, RI 02903<br><br>Defendant. | Case No. 06SF-CC00990<br><br>PERSONAL INJURY/<br>PRODUCT LIABILITY<br><br>JURY TRIAL DEMANDED |

**PETITION FOR DAMAGES**
**(PRODUCT LIABILITY)**

COMES NOW plaintiff Timothy J. Edgar by and through his attorney, and for his petition for damages against defendant Davol Inc. states:

1. Plaintiff Timothy J. Edgar (hereinafter "Timothy") is now and was at all times herein mentioned herein a citizen and resident of the State of Missouri.

2. At all times herein mentioned, defendant Davol Inc. (hereinafter "Davol") is and was a wholly owned subsidiary of C. R. Bard, Inc. Further, at all times herein mentioned, Davol is and was a foreign corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business for manufacturing hernia surgical repair products in Cranston, Rhode Island.

FILED

AUG 2 1 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

3. Davol designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied and sold to distributors, physicians, hospitals and medical practitioners, certain hernia surgical repair products to be surgically implanted in patients throughout the United States, including the State of Missouri.

## VENUE

4. This Court has jurisdiction over this tort action which accrued within St. Francois County, Missouri.

## GENERAL ALLEGATIONS

5. On some date prior to June 11, 2004, Davol manufactured, distributed and/or sold a Bard Composix Kugel hernia surgical repair product (hereinafter "Kugel") to Mineral Area Regional Medical Center to be implanted into the abdomen of a hospital patient undergoing surgery at the medical center.

6. On or about June 11, 2004, Timothy underwent a hernia repair surgical procedure at Mineral Area Regional Medical Center in the County of St. Francois, Missouri and, during the course thereof, Timothy's physician implanted the aforedescribed Kugel hernia surgical repair product into his abdomen.

7. The Kugel hernia surgical repair product implanted in Timothy on or about June 11, 2004 was designed, manufactured, sold and distributed by Davol to be used by surgeons for hernia repair surgeries and was further represented by Davol to be an appropriate and suitable product for such purpose.

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

8. On some date prior to January 20, 2005, Davol manufactured, distributed and/or sold a Bard Composix Kugel hernia surgical repair product (hereinafter "Kugel") to Mineral Area Regional Medical Center to be implanted into the abdomen of a hospital patient.

9. On or about January 20, 2005, Timothy underwent a second hernia repair surgical procedure at Mineral Area Regional Medical Center in the County of St. Francois, Missouri and, during the course thereof, Timothy's physician removed fragments of the first Kugel hernia surgical repair product which had been implanted on or about June 11, 2004, and which had failed to performed as intended, and implanted the second Kugel hernia surgical repair product into his abdomen.

10. Both of the Kugel hernia surgical repair products in Timothy's abdomen failed by reason of their defective design and/or manufacture.

11. On or about May 16, 2006, Timothy, under emergent conditions, underwent a surgical procedure at University of Missouri Columbia Hospital in Columbia, Missouri and, during the course thereof, Timothy's physician removed both previously implanted Kugel hernia surgical repair products.

12. Because of their high failure and complication rate, Davol withdrew the Kugel hernia surgical repair products from the market.

13. As a direct and proximate result of Davol's defective design, manufacture, function and/or inadequate warnings regarding the Kugel hernia surgical repair products, Timothy sustained injuries and damages as more fully set forth below.

FILED

AUG 2 1 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

**COUNT I**

**(Strict Product Liability)**

COMES NOW plaintiff Timothy J. Edgar and for Count I of his cause of action against defendant Davol states:

14. Timothy realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13 as though fully set forth herein.

15. Davol designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel hernia surgical repair products in its ordinary course of business.

16. The Kugel hernia surgical repair products were defective in that during their normal use they failed to perform adequately while in Timothy's body and, because of the serious complications caused, subsequently required surgical removal.

17. At all times mentioned herein, the Kugel hernia surgical repair products were in substantially the same condition as when they left the possession of Davol.

18. The Kugel hernia surgical repair products were being used in a manner reasonably anticipated at the time they were implanted in Timothy by plaintiff's surgeon.

19. The Kugel hernia surgical repair products, at the time they left the possession of Davol, were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury in the following respects:

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

Case 4:06-cv-01497-MLM Document 1-7 Filed 10/16/2006 Page 25 of 36

(a) the memory recoil ring of the Kugel hernia surgical repair products ruptured after being implanted;

(b) the Kugel hernia surgical repair products were not properly manufactured;

(c) the Kugel hernia surgical repair products were defectively designed;

(d) the Kugel hernia surgical repair products did not perform as safely as an ordinary consumer/patient would expect;

(e) the Kugel hernia surgical repair products were inadequate or insufficient to maintain their integrity during normal use after implantation in the consumer/patient; and

(f) such further and additional defects as discovery and the evidence reveal.

20. As a direct and proximate result of the defective and unreasonably dangerous condition of the Kugel hernia surgical repair products, Timothy was caused to sustain severe, permanent and debilitating bodily injuries, to wit:

(a) he has been caused to suffer ruptures of the Kugel hernia surgical repair products in his abdomen;

(b) he has been caused to suffer permanent disabling pain and tenderness at the implant sites;

(c) he has been caused to undergo periodic tests and medical treatment since the Kugel hernia surgical repair products were implanted and ultimately removed;

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

Case 4:06-cv-01497-HSNDA Document 1-7 Filed 10/11/2006 Page 26 of 36

(d) he has been caused to undergo extensive surgery to remove the Davol's defective Kugel hernia surgical repair products;

(e) because of his current health condition, Timothy will be caused to suffer an increased risk of infection and other adverse consequences;

(f) he has been caused to suffer muscle, tissue and nerve damage and a much greater likelihood of future physical changes due to the need for additional surgeries;

(g) he has sustained disfiguring and painful scaring;

(h) he has been caused to suffer a decrease in the functional capacity of his lower abdomen;

(i) he has in the past and will be in the future caused to suffer mental and emotional anguish and frustration because of the constant pain and discomfort; and

(j) his ability to work, labor and enjoy the ordinary and usual pleasures of life has been in the past and will be in the future diminished.

21. As a direct and proximate result of his injuries, Timothy has been required to undergo extensive medical, hospital, surgical, therapeutic and rehabilitative care and treatment, and will require further surgical care, treatment and therapy in the future.

22. As a direct result of his injuries, Timothy has lost income and has sustained a permanent impairment of his earning capacity.

FILED
AUG 21 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

23. Davol knew or reasonably should have known that significant bodily injury was substantially likely to occur as a result of the defective and unreasonably dangerous design and manufacture of the Kugel hernia surgical repair products as described above.

24. The conduct of Davol as described above, and in continuing to market, promote, sell and distribute the Kugel hernia surgical repair products after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such sum which will serve to punish Davol and to deter defendant and others from like conduct.

WHEREFORE, for Count I of his cause of action, plaintiff Timothy J. Edgar respectfully requests judgment in his favor and against defendant Davol Inc., for such amount that is determined to be fair and reasonable, for additional damages in the sum of greater than One Million Dollars ($1,000,000.00) for aggravating circumstances, for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

**COUNT II**

**(Product Liability - Failure to Warn)**

COMES NOW plaintiff Timothy J. Edgar, and for Count II of his cause of action against defendant Davol states:

FILED
AUG 21 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

25. Timothy realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13, 20, 21 and 22 as though fully set forth herein.

26. In the course of Davol's business, said defendant designed, manufactured, distributed and/or sold the Kugel hernia surgical repair products to Mineral Area Regional Medical Center for hernia repair surgeries, and specifically the surgeries of Timothy.

27. At the time of the design, manufacture, distribution and sale of the Kugel hernia surgical repair products, and at the time plaintiff Timothy received the Kugel hernia surgical repair products, they were defective and unreasonably dangerous when put to their reasonably anticipated use in that they were not properly designed and/or were not accompanied by proper warnings regarding significant adverse consequences associated with integrity of the Kugel hernia surgical repair products, and given the severity of the adverse effects, the warnings given did not accurately reflect the symptoms and severity of the adverse effects.

28. Davol failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved substantial dangers not readily recognizable by the ordinary user of the products. Davol failed to warn of the known or knowable likelihood of the injuries, including but not limited to the likelihood that the hernia surgical repair products could rupture and/or cause severe infection within the patient's body, requirin[g] subsequent surgical procedures and/or causing serious injuries.

FILED

AUG 2 1 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

Case 4:06-cv-01814-? Document 1-7 Filed 10/27/2006 Page 29 of 36

29. The dangerous and defective conditions in the Kugel hernia surgical repair products existed at the time they were delivered by the manufacturer to their distributor and also existed at the times the Kugel hernia surgical repair products were implanted into Timothy's abdomen. At the time of the hernia repair procedures, the Kugel hernia surgical repair products were in substantially the same condition as when manufactured, distributed and sold.

30. Timothy did not know, nor had reason to know, at the time of the use of the aforesaid products, or at any time prior thereto, of the existence of their defects.

31. As a direct and proximate result of the aforesaid, Timothy has suffered the aforesaid injuries and damages.

32. The conduct of Davol as described above, and in continuing to market, promote, sell and distribute the Kugel hernia surgical repair products after obtaining knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such sum which will serve to punish Davol and to deter defendant and others from like conduct.

WHEREFORE, for Count II of his cause of action, plaintiff Timothy J. Edgar respectfully requests judgment in his favor and against defendant Davol Inc., for such amount that is determined to be fair and reasonable, for additional damages in the sum of greater than One Million Dollars ($1,000,000.00) for aggravatin

FILED

AUG 2 1 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

circumstances, for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

**COUNT III**

**(Product Liability - Negligence)**

COMES NOW plaintiff Timothy J. Edgar and for Count III of his cause of action against defendant Davol Inc. states as follows:

33. Timothy realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13, 20, 21 and 22 as though fully set forth herein.

34. At all times herein mentioned, Davol had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use and sell the aforesaid products.

35. At all times herein mentioned, Davol knew, or in the exercise of reasonable care should have known, that the aforesaid products were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with proper warnings, and were unreasonably likely to injure the products' users.

36. Davol so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the

FILED

AUG 2 1 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

aforesaid products, that they were dangerous and unsafe for the use and purpose for which they were intended.

37. Davol was aware of the probable consequences of the aforesaid products. Despite the fact that Davol knew or should have known that the Kugel hernia surgical repair products would cause serious injuries, it failed to disclose the known or knowable risks associated with the products as set forth above. Davol willfully and deliberately failed to avoid those consequences, and in doing so, defendant acted with a conscious disregard of the safety of Timothy.

38. As a direct and proximate result of the aforesaid, Timothy has suffered the aforesaid injuries and damages.

39. The conduct of Davol as described above, and in continuing to market, promote, sell and distribute the Kugel hernia surgical repair products after obtaining knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such sum which will serve to punish Davol and to deter defendant and others from like conduct.

WHEREFORE, for Count III of his cause of action, plaintiff Timothy J. Edgar respectfully requests judgment in his favor and against defendant Davol Inc., for such amount that is determined to be fair and reasonable, for additional damages in the sum of greater than One Million Dollars ($1,000,000.00) for aggravating circumstances, for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

FILED

AUG 2 1 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

## COUNT IV

**(Breach of Implied Warranty)**

COMES NOW plaintiff Timothy J. Edgar, and for Count IV of his cause of action against defendant Davol Inc. states as follows:

40. Timothy realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13, 20, 21 and 22 as though fully set forth herein.

41. Davol sold the Kugel hernia surgical repair products which were implanted into Timothy's abdomen, and prior to their implantation, Davol impliedly warranted to Timothy, and to his physicians and health care providers, that the products were of merchantable quality and safe for the use for which they were intended.

42. At the time of the sale of the Kugel hernia surgical repair products, Davol knew or should have known that they were intended to be used for the purpose of surgically inserting them into the body to repair hernias.

43. Timothy and his health care providers reasonably relied on Davol's judgment, statements and indications that the Kugel hernia surgical repair products were fit for such use.

44. When the Kugel hernia surgical repair products were distributed and sold by Davol, they were unsafe for their intended use, and not of merchantable quality, as warranted by Davol in that they had very dangerous propensities when put to their intended use and implanted into the patient's body and would cause serious injuries to the user.

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

45. As a direct and proximate result of the aforesaid, Timothy has suffered the aforesaid injuries and damages.

WHEREFORE, for Count IV of his cause of action, plaintiff Timothy J. Edgar respectfully requests judgment in his favor and against defendant Davol Inc., for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

## COUNT V

## (Breach of Express Warranty)

COMES NOW plaintiff Timothy J. Edgar and for Count V of his cause of action against defendant Davol Inc., states:

46. Timothy realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13, 20, 21 and 22 as though fully set forth herein.

47. The aforementioned manufacturing, design, compounding, packaging, designing, distributing, testing, constructing, fabricating, analyzing, recommending, merchandising, advertising, promoting, supplying and selling of the aforesaid products were expressly warranted to be safe for use by Timothy and other members of the general public.

48. At the time of the making of the express warranties, Davol had knowledge of the purpose for which the aforesaid products were to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such

FILED
AUG 2 1 2006
SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

purpose. The aforesaid products were unaccompanied by warnings of their dangerous propensities that were either known or knowable at the time of distribution.

49. Timothy reasonably relied upon the skill and judgment of Davol, and upon said express warranty, in using the aforesaid products. The warranty and representations were untrue in that the products caused severe injuries to Timothy and were unsafe and, therefore, unsuited for the use for which they were intended.

50. As a direct and proximate result of the aforesaid, Timothy has suffered the aforesaid injuries and damages.

WHEREFORE, for Count V of his cause of action, plaintiff Timothy J. Edgar respectfully requests judgment in his favor and against defendant Davol Inc., for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for his costs herein expended.

GRAY, RITTER & GRAHAM, P.C.

By: ______________________________

Maurice B. Graham, #18029
Attorney for Plaintiff
701 Market Street, Suite 800
St. Louis, Missouri 63101
(314) 241-5620
Fax: (314) 241-4140
mgraham@grgpc.com

FILED

AUG 2 1 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

# R E C E I P T

24th Judicial Circuit

Receipt Number: 24SF32907
Date: 23-AUG-2006
Cashier: BLANKEMD

Payor: MAURICE B GRAHAM
ID: 18029
Address: GRAY RITTER & GRAHAM PC
701 MARKET ST STE 800
ST LOUIS, MO 63101

Court: 24th Judicial Circuit
Case Type: CC Pers Injury-Prod Liab
Location: St. Francois
Case Judge:

First Charge on Case:

| Violation/Docket | Description | Amount |
|---|---|---|
| Case: 06SF-CC00990 - TIMOTHY J EDGAR V DAVOL INC, A DELAWARE CORP | | |
| Party: | | |
| Pet Filed in Circuit Ct | Law Library | 10.00 |
| Pet Filed in Circuit Ct | Circuit Civil Costs w/SRF | 83.00 |
| | Open Items In | 57.00 |
| | Check #20206 | -150.00 |

Total Fees: 150.00

Total Payment: 150.00

Balance Due: 0.00

Next Scheduled Event:
Judge for Event:
Location of Event:

Receipt Text:

NOTE: Case information shown on receipt is current as of the date printed.

GATEWAY ONE · ON THE MALL
701 MARKET, SUITE 800
ST. LOUIS, MISSOURI 63101-1826
Facsimile: 314-241-4140
Toll Free: 800-451-2950
Phone: 314-241-5620
www.grayrittergraham.com

cmertz@grgpc.com

GRAY, RITTER & GRAHAM, P.C.
*Attorneys at Law*
*1946–2006*

ROBERT F. RITTER
MAURICE B. GRAHAM
STEPHEN R. WOODLEY
PATRICK J. HAGERTY
DON M. DOWNING
JOAN M. LOCKWOOD
MORRY S. COLE
M. GRAHAM DOBBS
THOMAS K. NEILL
ERICA L. AIRSMAN

KEVIN S. HANNON
OF COUNSEL

CHARLES E. GRAY
RETIRED

August 15, 2006

St. Francois County Circuit Clerk
3rd Floor Courthouse
One N. Washington Street
Farmington, MO 63640

Re: *Timothy J. Edgar v. Davol Inc.*

Dear Sir or Madam:

Enclosed for filing with the Court are an original and two copies of the following:

(1) Filing Information Sheet;

(2) Petition for Damages;

(3) Plaintiff's First Interrogatories Directed to Defendant Davol, Inc.; and

(4) Plaintiff's First Request for Production of Documents Directed to Defendant Davol, Inc.

Please return a file-stamped copy of each document to me in the envelope provided. Also enclosed is a check from our firm in the sum of $150.00 for your filing fee.

Please call me if you have any questions.

Very truly yours,

Christina L. Mertz
Paralegal

**FILED**

AUG 21 2006

SANDRA WELLS, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

Enclosures

CLM/clm

604312 / 061052