**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION**

| | |
|---|---|
| TIMOTHY JAY EDGAR,<br><br>Plaintiff,<br><br>v.<br><br>DAVOL INC., a Rhode Island corporation,<br><br>Defendant. | Civil Action No.: 4:06-cv-01471 SNL |

# ANSWER AND AFFIRMATIVE DEFENSES OF DAVOL INC.

Defendant Davol Inc. ("Davol"), by and through its counsel, answers the plaintiff's Petition (the "Petition") as follows:

## PETITION FOR DAMAGES (PRODUCTS LIABILITY)

1. Paragraph 1 of the Petition contains allegations regarding parties other than Davol to which no response is required. To the extent that a response is required, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Petition and therefore denies the same.

2. Davol admits that it is a wholly owned subsidiary of C.R. Bard, Inc. organized under the laws of the state of Delaware with its principal place of business in Cranston, Rhode Island where its hernia surgical repair product operations are based.

3. Davol admits that at various times it designed, manufactured, tested, distributed, advertised, supplied, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information within the United States, including the state of Missouri. As to the remaining allegations, Davol does not know what is

meant by “analyzed,” “merchandised,” “recommended,” or “promoted” beyond the meaning of “tested” and “advertised,” which have been admitted. Davol accordingly denies those remaining allegations.

**VENUE**

4. Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the allegations. Davol further states that this controversy has been properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**GENERAL ALLEGATIONS**

5. Davol admits that at various times it manufactured, distributed or sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 5 of the Petition, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Petition and therefore denies the same.

6. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies those allegations.

7. Davol states that it received FDA clearance to market the Composix® Kugel® Hernia Patch in or about 2000, and that the Composix® Kugel® Hernia Patch is intended for use as a prescription medical device in the repair of certain hernia defects. Davol admits that at various times it designed, manufactured, distributed or sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. The remaining allegations are conclusions of law and no answer is required, but to the extent an answer is required, Davol denies the same.

8. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies those allegations.

9. Davol denies that the Composix® Kugel® Hernia Patch failed to perform as intended. As to the remaining allegations of this paragraph, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies those allegations.

10. The allegations in paragraph 10 are conclusions of law and no answer is required; to the extent an answer is required, Davol denies those allegations.

11. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies those allegations.

12. Davol states that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005 and early 2006 due to a potential for recoil ring weld breakage during placement. Davol further states these products have since been returned to the market with FDA approval. Davol denies the remaining allegations of Paragraph 12.

13. The allegations in paragraph 13 are conclusions of law and no answer is required; to the extent an answer is required. Davol denies those allegations.

**COUNT I**
**(Strict Product Liability)**

14. In response to Paragraph 14 of the Petition, Davol incorporates by reference its responses to the allegations in all preceding paragraphs of the Petition.

15. Davol admits that at various times it designed, manufactured, assembled, distributed or sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations, Davol

does not know what is meant by "conveyed" beyond the meaning of "distributed" and "sold" which have been admitted. Davol accordingly denies the remaining allegations.

16. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Davol denies the allegations of this paragraph.

17. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies those allegations.

18. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies those allegations.

19. The allegations in paragraph 19 and its subparts (a) through (f) are conclusions of law and no answer is required; to the extent an answer is required, Davol denies those allegations.

20. The allegations in paragraph 20 and its subparts (a) through (j) are conclusions of law and no answer is required; to the extent an answer is required, Davol denies those allegations.

21. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies those allegations. Davol denies that the Composix® Kugel® Hernia Patch caused plaintiff's injuries or for him to suffer or to continue to suffer additional medical treatments.

22. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies those allegations.

23. The allegations in paragraph 23 are conclusions of law and no answer is required; to the extent an answer is required or that this paragraph alleges that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Davol denies those allegations.

24. The allegations in paragraph 24 are conclusions of law and no answer is required; to the extent an answer is required, Davol denies those allegations. Davol further denies that the Composix® Kugel® Hernia Patch caused plaintiff's injuries or that Davol owes plaintiff compensation of any sort.

**COUNT II**
**(Product Liability – Failure to Warn)**

25. In response to Paragraph 25 of the Petition, Davol incorporates by reference its responses to the allegations in paragraphs 1 through 13, 20, 21, and 22 of the Petition.

26. Davol admits that at various times it designed, manufactured, distributed or sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 26 of the Petition, Davol lacks sufficient knowledge or information to form a belief as to the truth of these allegations and therefore denies the same.

27. The allegations in paragraph 27 are conclusions of law and no answer is required; to the extent an answer is required or that this paragraph alleges that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Davol denies those allegations.

28. The allegations in paragraph 28 are conclusions of law and no answer is required; to the extent an answer is required or that this paragraph allege that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Davol denies those allegations.

29. The allegations in paragraph 29 contain conclusions of law to which no answer is required. As to the remaining allegations of Paragraph 29, Davol lacks sufficient knowledge or information to form a belief as to the truth of these allegations and therefore denies the same.

30. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies those allegations.

31. The allegations in paragraph 31 are conclusions of law and no answer is required; to the extent an answer is required or that this paragraph allege that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Davol denies those allegations.

32. The allegations in paragraph 32 are conclusions of law and no answer is required; to the extent an answer is required, Davol denies those allegations. Davol further denies that the Composix® Kugel® Hernia Patch caused plaintiff's injuries or that Davol owes plaintiff compensation of any sort.

**COUNT III**
**(Product Liability – Negligence)**

33. In response to Paragraph 33 of the Petition, Davol incorporates by reference its responses to the allegations in paragraphs 1 through 13, 20, 21, and 22 of the Petition.

34. The allegations in paragraph 34 are conclusions of law and no answer is required; to the extent an answer is required or that this paragraph allege that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Davol denies those allegations.

35. The allegations in paragraph 35 are conclusions of law and no answer is required; to the extent an answer is required or that this paragraph allege that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Davol denies those allegations.

36. The allegations in paragraph 36 are conclusions of law and no answer is required; to the extent an answer is required or that this paragraph allege that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Davol denies those allegations.

37. The allegations in paragraph 37 are conclusions of law and no answer is required; to the extent an answer is required or that this paragraph allege that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Davol denies those allegations.

38. The allegations in paragraph 38 are conclusions of law and no answer is required; to the extent an answer is required or that this paragraph allege that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Davol denies those allegations.

39. The allegations in paragraph 39 are conclusions of law and no answer is required; to the extent an answer is required, Davol denies those allegations. Davol further denies that the Composix® Kugel® Hernia Patch caused plaintiff's injuries or that Davol owes plaintiff compensation of any sort.

**COUNT IV**
**(Breach of Implied Warranty)**

40. In response to Paragraph 40 of the Petition, Davol incorporates by reference its responses to the allegations in paragraphs 1 through 13, 20, 21, and 22 of the Petition.

41. Davol states the allegations in paragraph 41 are conclusions of law and no answer is required; to the extent an answer is required, Davol denies those allegations.

42. Davol admits that it knew that the Composix® Kugel® Hernia Patch was intended for the surgical repair of hernias.

43. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies those allegations.

44. Davol states the allegations in paragraph 44 are conclusions of law and no answer is required; to the extent an answer is required or that this paragraph allege that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Davol denies those allegations.

45. Davol states the allegations in paragraph 45 are conclusions of law and no answer is required; to the extent an answer is required, Davol denies those allegations. Davol further denies that the Composix® Kugel® Hernia Patch caused plaintiff's injuries.

**COUNT V**
**(Breach of Express Warranty)**

46. In response to Paragraph 46 of the Petition, Davol incorporates by reference its responses to the allegations in paragraphs 1 through 13, 20, 21, and 22 of the Petition.

47. Davol states the allegations in paragraph 47 are conclusions of law and no answer is required; to the extent an answer is required or that this paragraph allege that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Davol denies those allegations.

48. Davol states the allegations in paragraph 48 are conclusions of law and no answer is required; to the extent an answer is required or that this paragraph allege that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Davol denies those allegations.

49. Davol states the allegations in paragraph 49 are conclusions of law and no answer is required; to the extent an answer is required or that this paragraph allege that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Davol denies those allegations.

50. Davol states the allegations in paragraph 50 are conclusions of law and no answer is required; to the extent an answer is required, Davol denies those allegations. Davol further denies that the Composix® Kugel® Hernia Patch caused plaintiff's injuries or that Davol owes plaintiff compensation of any sort.

51. Every allegation in the Petition that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**SEPARATE DEFENSES**

1. The Petition, in whole or part, fails to state a claim or cause of action against Davol upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar plaintiff's claims against Davol in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiff's claims against Davol in whole or in part.

4. Defendant states that if Plaintiff has any product liability claims against defendant, which are denied, the same are barred or limited by some or all of the provisions of the Missouri Product Liability Act, R.S.Mo. §537.760, *et seq*.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar plaintiff's claims in whole or in part.

7. Plaintiff's, or his agents', including his physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiff's claims in whole or in part.

8. If plaintiff used a product sold by Davol, then plaintiff's claims are barred, in whole or in part, because plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Davol, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

10. If plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of plaintiff, including contributory negligence, contributory fault, comparative fault; assumption of the risk, failure to mitigate damages or any other "fault" as defined in R.S.Mo. §537.765; it further states that such acts, omissions or fault bar recovery by plaintiff herein or in the alternative, if such acts, omissions or

fault do not act as a complete bar, then such acts diminish plaintiff's rights to recover herein in an amount based upon plaintiff's relative degree of fault.

11. If plaintiff used a product sold by Davol, plaintiff used the product for off-label purposes, which bars the plaintiff's claims.

12. The learned intermediary doctrine bars plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

17. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Davol is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Davol. Such acts or omissions on the part of others

or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

18. Defendant states that if plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of plaintiff or others, for whose conduct this defendant is not responsible; accordingly, it is entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiff's own idiosyncratic reactions.

20. Plaintiff failed to mitigate, which limits plaintiff's damages, if any, in whole or in part.

21. Davol has no legal relationship or privity with plaintiff and owes no duty to plaintiff by which liability could be attributed to it.

22. Davol made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiff. If any such warranties were made, whether express or implied, which Davol specifically denies, then plaintiff failed to give notice of any breach thereof. Moreover, Davol effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiff's causes of action are barred in whole or in part by plaintiff's own comparative negligence.

24. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

25. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Davol product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Davol, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiff may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Davol's rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in Article I of the Missouri Constitution.

28. To the extent that the applicable Missouri law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Davol and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Missouri Constitution.

29. To the extent plaintiff's Petition seeks punitive damages, such claims are barred because plaintiff has failed to allege conduct warranting the imposition of punitive damages under Missouri and/or other applicable laws.

30. To the extent plaintiff's Petition seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Davol hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Davol Inc. demands judgment in its favor and against plaintiff, dismissing plaintiff's Petition with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendant hereby demands a trial by jury as to all issues.

Date: October 13, 2006

Respectfully submitted,

*/s/ Dennie Michelle Zankel*

Dennie Michelle Zankel, #51345
USDC Registration #96550
Kara Stubbs, #43414
Baker, Sterchi, Cowden & Rice, LLC
1010 Market Street, Suite 950
St. Louis, MO 63101
(314) 231-2925
(314) 231-4857 (fax)

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for defendant DAVOL INC.

Case 4:06-cv-01471-SNL Document 5 Filed 10/13/2006 Page 14 of 14

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2006, a copy of the foregoing Answer and Affirmative Defenses was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Maurice B. Graham, Esq.
Gray Ritter & Graham, P.C.
701 Market Street, Suite 800
St. Louis, MO 63101-1826

*via electronic notice*

*/s/ Dennie Michelle Zankel*
Dennie Michelle Zankel